**Grace W. KEHAYA**

v.

**The UNITED STATES.**

**No. 27–61.**

United States Court of Claims.

Jan. 21, 1966.

Irving I. Lesnick, Garden City, N. Y., for plaintiff; Bertram Harnett, Garden City, N. Y., attorney of record.

Richard J. Boyle, Washington, D. C., with whom was Acting Asst. Atty. Gen. Richard M. Roberts, for defendant. C. Moxley Featherston, Lyle M. Turner, and Phillip R. Miller, Washington, D. C., of counsel.

Before COWEN, Chief Judge, REED, Justice (Ret.), sitting by designation, LARAMORE, DURFEE and DAVIS, Judges.

REED, Justice (Ret.), sitting by designation.

The plaintiff in this case claims that she is entitled to an income tax refund for the 1952 tax year. The plaintiff purchased some notes of the Standard Commercial Tobacco Co., Inc., from that corporation on July 1, 1951. She paid a total purchase price of $350,000.00. The corporation redeemed the notes on June 3, 1952, at their face value of $380,000.00. Plaintiff reported her profit of $30,000.-00, the amount of the original issue discount, as capital gains income on her 1952 tax return. The Commissioner assessed a deficiency on the theory that her $30,000.00 profit should have been reported as ordinary income. Plaintiff paid the assessment and brought this action for refund.

Plaintiff originally relied upon two different theories of recovery. First, she contended that original issue discount is entitled to capital gains treatment under the terms of the Internal Revenue Code of 1939. Second, she contended that, even if the Commissioner's present interpretation of the 1939 Code is correct, the Commissioner is estopped from collecting such a tax from her because she relied upon his representation in his acquiescence in Commissioner of Internal Revenue v. Caulkins, 144 F.2d 482 (6th Cir. 1944), that he would not attempt to tax original issue discount as ordinary income. See Rev.Rul. 11907, 1944 Cum.Bull. 1, 5.

The United States Supreme Court resolved both of those issues after the parties submitted their briefs on defendant's motion for summary judgment. The Court held in United States v. Midland-Ross Corp., 381 U.S. 54, 85 S.Ct. 1308, 14 L.Ed.2d 214 (1965), that original issue discount is taxable as ordinary income under the 1939 Code. The Court concluded in Dixon v. United States, 381 U.S. 68, 85 S.Ct. 1301, 14 L.Ed.2d 223 (1965), that the *Caulkins* acquiescence could not reasonably be understood as a representation that the Commissioner would never attempt to tax original issue discount at ordinary income rates. Therefore, the Court held that the Commissioner is not estopped from collecting such taxes from taxpayers who purchased original issue discount securities before the Commissioner withdrew his *Caulkins* acquiescence in Rev.Rul. 55–136, 1955–1 Cum.Bull. 213.

The plaintiff filed a supplemental brief after the *Midland-Ross* and *Dixon* decisions were announced. Her supplemental brief asserts two new contentions. First, she contends that Rev.Rul. 55–136 is invalid because it discriminates between purchasers of different original issue discount securities. Rev.Rul. 55–136 exempts taxpayers who purchased Accumulative Installment Certificates from the retroactive application of the ruling, but does not exempt purchasers of other types of original issue discount securities. Second, she contends that the Commissioner has applied that ruling in a discriminatory manner. Plaintiff alleges that the Commissioner has assessed deficiencies against purchasers of original issue discount securities whose returns were audited after the ruling was issued, but has not assessed deficiencies against purchasers of original issue discount securities whose returns had already been audited.

The first of these new issues was resolved in the *Dixon* case. The taxpayers in *Dixon* also contended that Rev.Rul. 55–136 is invalid because it discriminates between purchasers of Accumulative Installment Certificates and purchasers of other original issue discount securities. The Supreme Court concluded that this

difference in treatment does not constitute an arbitrary classification.

Plaintiff contends, nevertheless, that the Supreme Court's decision in the *Dixon* case holding that Rev.Rul. 55–136 is valid is not binding upon this Court in this case. Plaintiff observes that the Court said that the record in the *Dixon* case was devoid of any effort by those taxpayers to show the absence of any significant difference between holders of Accumulative Installment Certificates and themselves, and that the Court could not say "on this record" that the distinction is "devoid of rational basis." Plaintiff would infer from these statements that the Supreme Court only upheld the ruling for the purposes of that case and did not intend its decision to have any value as precedent.

We do not believe that plaintiff's inference is a reasonable one. Whenever a court determines the validity of a statute, regulation, or ruling for the first time, it does so on the basis of the record before it. It is always conceivable that a court might have reached a different conclusion if it had determined the question on the basis of a different record. But this does not mean that a court can or should redetermine the validity of the statute, regulation, or ruling in question every time it is confronted with a different case involving the same statute, regulation, or ruling. Such a procedure could destroy any semblance of uniformity in the application of the law in question. Therefore, we doubt that the Supreme Court intended to imply that it would follow such a procedure in the case of this ruling. We certainly do not think the Supreme Court intended to imply that the lower courts are free to ignore its determination and to redetermine the validity of the ruling in any case which comes before them.

Plaintiff's second new contention, that the Commissioner enforced Rev.Rul. 55–136 in a discriminatory manner, is not meritorious. The Commissioner's failure to assess deficiencies against some taxpayers who owe additional tax does not preclude him from assessing deficiencies against other taxpayers who admittedly owe additional taxes on the same type of income. The Commissioner might reasonably conclude that a reaudit of income tax returns for the purpose of discovering original issue discount income would not produce sufficient additional revenue to justify the undertaking. Such a decision would certainly not be arbitrary.

Therefore, we grant the defendant's motion for summary judgment and plaintiff's petition is dismissed.