DUNCAN, Circuit Judge,
dissenting.
This court has previously held that an application for citizenship suffices to make a permanent resident alien a national of the United States pursuant to 8 U.S.C. § 1101(a)(22). United States v. Morin, 80 F.3d 124, 126-27 (4th Cir.1996). The majority, in holding that Mr. Daly’s application for citizenship does not make him a national of the United States pursuant to Section 1101(a)(2), claims that Morin occurred in a different context and proceeds to reinterpret the statute. See Maj. Op. n. 3. I do not agree that the existence of “different contexts” gives us license to interpret the exact language in the same statute differently in different cases.
As the Supreme Court has noted:
It would be an extraordinary principle of construction that would authorize or permit a court to give the same statute wholly different meanings in different cases, and it would require a stronger showing of congressional intent than has been made in this case to justify the assumption of such unconfined power. *846 United States v. Louisiana (Louisiana Boundary Case), 394 U.S. 11, 34, 89 S.Ct. 773, 22 L.Ed.2d 44 (1969); see also Perdomo-Padilla v. Ashcroft, 333 F.3d 964, 972 (9th Cir.2003) (refusing to distinguish Morin from the immigration context simply because it was a criminal case); Department of Energy v. Westland, 565 F.2d 685, 690 n. 6 (C.C.P.A.1977); Kehaya v. United States, 174 Ct.Cl. 74, 355 F.2d 639, 641 (Ct.Cl.1966).
While I agree with the majority that Perdomo-Padilla presents the better reading of Section 1101(a)(2), I am compelled to follow Morin until it is overruled by statutory amendment, the Supreme Court, or the Fourth Circuit sitting en banc. See McMellon v. United States, 387 F.3d 329, 332-33 (4th Cir.2004) (en banc). Under Morin, Mr. Daly is a United States national not subject to deportation. Accordingly, I would reverse the final order of removal. I respectfully dissent.